UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
FOURTH DIVISION

FILED
IN CLERKS OFFICE

)
(
COY PHELPS              )   Case No:  4:05-CV-40042-GAO
        Petitioner     (
                        )   2006 JUN -8  A 11: 50
   -v-                  (   MOTION TO SUBMIT NEW INFORMATION
DAVID WINN              )   ON THE ABOVE CASE
            , et.al.    (   DISTRICT OF MASS.
        Respondent(s)   )
                        (

The above Petitioner ( Phelps ) request permission of the court to submit newly acquired information[1] which may affect the analysis of the above case.

## BACKGROUND

Phelps is a federal insanity acquittee who was found not guilty by reason of insanity, by a jury, in July of 1986.

18 USC §4243(c) require a hearing to take place, no later than forty days after the verdict, to determine if the insanity was temporary or if it continues to exist.  If the insanity continues to exist, then under 18 USC 4243(e) the acquittee is placed into the custody of the U.S. Attorney General.

## PRESENTATION

Phelps had always believed that he had been lawfully placed into the custody of the U.S. Attorney General in a proper CIVIL commitment proceeding.

In the statements ( for this case ) he has informed the court that the starting point to analyze the claims and issues of the case is to answer the question " Did the U.S. Attorney General misinterpret and misapply the statute and incarcerate Phelps in federal prison?"  However, in light of the newly obtained information, the true starting point precedes that question, and

---

1. Phelps has raised the claim of actual innocence and has demanded a release based upon that claim.  He claimed that he was framed by agents of a private corporation who were working jointly with local, state, and federal law enforcement officers in a conspiracy to frame him.  In 1992, his claims were confirmed but the federal government still would not release him because of his religion and politics.  The private corporation was arrested, pled guilty in state superior court, and paid a money sanction.  Phelps sued the private corporation and the agents.  The information he received, alluded to in this case, derived from that lawsuit.

the first question to be asked is " Does the U.S. Attorney General
have lawful custody of Phelps?"  Phelps alleges that he does not,
and never has had, because of a legal insufficiency and a
procedural violation.

Phelps alleges that he was CRIMINALLY committed and not
CIVILLY committed as required by the law.  Phelps alleges that the
hearing    to    determine    his    current    mental    status    was
unconstitutional,and  improper,  because  the  hearing  was  an
extention of the criminal trial just as a convicted defendant has
a sentencing hearing as an extention of his criminal trial.  In a
sentence hearing, the crime and the nature of the crime, can be
used to affect the duration of the sentence.  However, Phelps was
acquitted so the crime and the nature of the crime could not,
lawfully, be considered... but it was.  The crime, and the nature
of the crime, was presented to the court to establish the level of
mental illness.  That is plain error.  In a CIVIL commitment
hearing, the ONLY issue is the level of mental illness.  Nothing
else is relevant.

18 USC §4246 is instructive in this matter.  When a sentenced
prisoner, who is incarcerated, is deemed to be too mentally ill
to be released to the community, the government may initiate a
CIVIL COMMITMENT hearing ( which has a separate case docket number
to distinguish it from the criminal case ) to keep the person in
confinement.  The crime, or the nature of the crime, cannot be
used at the hearing because the prisoner has completed his term
of punishment.  The ONLY issue is the level of mental illness.

Phelps is similiarly positioned in that he cannot be punished
because of the not guilty verdict and the sentenced prisoner
cannot be punished because of the completion of the sentence,
Hence, the requirement for a CIVIL hearing.... distinguished from
the criminal case by having a separate civil docket number to
signify the CIVIL nature of the action.  The sentenced prisoner
cannot have a hearing that is an extention of the criminal case.

The same reasoning applies to Phelps.  Phelps was acquitted
and that verdict necessitated the criminal case to be closed and
a new civil case to be opened for a civil commitment proceeding.

This procedure was not followed. Phelps had a CRIMINAL hearing as an extention of the criminal case and not a separate CIVIL hearing as required by the terms of the federal mental health laws.

The attached docket sheets indicate that the case was terminated at the time of the verdict on July 31, 1986( first page-attachment.) Then, on 9/24/86 Judge Peckham signed the commitment order( page 2 of the attachment.) Note that the docket sheet is under the criminal case number. All of the commitment proceedings were extentions of the criminal case and were not true CIVIL proceedings.

Because of the impropriety of the proceedings, there is a legal insufficiency and a procedural violation which require a nullification of the commitment.

However, the legality of the commitment is not the issue in this case. The issue, in this action, is whether the U.S. Attorney General has lawful custody of Phelps through a proper CIVIL COMMITMENT PROCEEDING. If the statute require a CIVIL proceeding, then Phelps is not in lawful custody of the Attorney General because he did not have a CIVIL hearing.

Because of this legal insufficiency, the Attorney General never had lawful custody of Phelps; and because he never had lawful custody, he lacked jurisdiction and authority to do anything; and because he lacked jurisdiction, all the actions he took were unconstitutional and unlawful.

The starting question is " Did Phelps have a CIVIL Commitment hearing?" The next question is "Did the U.S. Attorney General have lawful custody of Phelps?" Then the next question is " Did the Attorney General misinterpret and misapply the federal mental health laws and inproperly incarcerated Phelps in federal prison to be treated as a convicted and sentenced prisoner under rules and regulations established for only convicted prisoner?"

DATE:  6/1/2006

_____  In Pro Se

COY PHELPS  78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
            01432

*** GRID L05 ***

ACTIVE CRIMINAL DOCKETS    CAL-IN(SAN FRANCISCO) 05/01/92    PAGE 1

CR-85-00899-01

CR-85-00899-01    US-V-PHELPS
as of 04/03/92 at 8:25 PM

Case Filed: 10/03/85

Judge: JUDGE PECKHAM

Prior Magistrate Number: 85-0776M-01

Defendant:

D1    PHELPS, COY RAY

Dft ID: -16097

Defendant terminated: 07/31/86

Terminated counts:
ILLEGALLY MAKING A FIREARM,
26:5861(F) (1), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (2), ATTEMPT TO
DAMAGE INSTITUTION
RECEIVING FEDERAL FUNDS,
18:844(F) (3), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (4), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (5), ATTEMPT TO
DAMAGE PROPERTY USED IN
INTERSTATE COMMERCE,
18:844(I) (6), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (7), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (8), ATTEMPT TO
DAMAGE PROPERTY USED IN
INTERSTATE COMMERCE,
18:844(I) (9), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (10), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (11), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (12-13), ATTEMPT
TO DAMAGE PROPERTY USED IN
INTERSTATE COMMERCE,
18:844(I) (14)

Disposition
Jury verdict-not guilty,
07/31/86 (Counts 1,2,3,4,5,
6,7,8,9,10,11,12-13,14)
(ONLY BY REASON OF
INSANITY). 07/31/86

Offense Level (disposition): NONE

GER119

*** GRID K06 ***

ACTIVE CRIMINAL DOCKETS        CAL-!N(SAN FRANCISCO) 05/01/92

CR-85-00899-01                                           CR-85-00899-01        PAGE 15

US-V-PHELPS                     PROCEEDINGS

|         |     | 18:4243(C)) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
|---------|-----|---|
|         | 170 | Stipulation Filed (STIPULATION AND WAIVER) (Dkt'd 05/15/87). |
| 08/28/86 | 171 | Filed Petition (TO AUTHORIZE LEGAL RESEARCH ASSISTANCE) (Dkt'd 05/15/87). |
|         | 172 | - DETAILING BILLING VOUCHER NO. 883826 (Dkt'd 05/15/87). |
| 09/03/86 | 173 | Filed CJA Form #20 copy #5 appointing SELBY, MANTON L as attorney for defendant (JUDGE PECKHAM) (Dkt'd 05/15/87). |
|         | 174 | Filed CJA Form #20 copy #5 appointing SELBY, MANTON L as attorney for defendant (Dkt'd 05/15/87). |
| 09/12/86 | 175 | - LETTER FROM DEFT TO JUDGE PECKHAM (Dkt'd 05/15/87). |
| 09/15/86 | 176 | Filed CJA Form #21 copy #2 Authorization & Voucher for Expert or Other Services (FRED ROSENTHAL) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
|         | 177 | Filed CJA Form #21 copy #2 Authorization & Voucher for Expert or Other Services (INSTITUTE OF FORENSIC SCIENCES) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
|         | 178 | - GOVERNMENT' MEMORANDUM IN SUPPORT OF 4243 COMMITMENT OF DEFENDANT (Dkt'd 05/15/87). |
| 09/17/86 | 179 | Minute sheet filed (C/R ROBERTA ROGERS) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
| 09/18/86 | 180 | - LETTER FROM DR. D. STEIN TO JUDGE PECKHAM (Dkt'd 05/15/87). |
| 09/22/86 | 181 | - EX PARTE MOTION FOR ORDER TO RETURN SEIZED PROPERTY AND FOR INJUCTIVE RELIEF WITH CASE CITATION (Dkt'd 05/15/87). |
| 09/24/86 | 182 | Order filed (COMMITMENT ORDER UNDER 18:U.S.C.4243(E)) (JUDGE PECKHAM) (Dkt'd 0⁵ 15/87). |
| 10/02/86 | 183 | - PETITION FOR WRIT OF HABEAS CORPUS RELEASE FROM CUSTODY WITH CASE CITATIONS. (Dkt'd 05/15/87). |
| 10/22/86 | 184 | Filed CJA Form #24 copy #3 Authorization & Voucher for Payment of Transcript (C/R ROBERTA ROGERS) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
| 10/27/86 | 185 | Notice filed (NOTICE OF CHANGE OF ADDRESS AND TELEPHONE.) (Dkt'd 05/15/87). |
|         | 186 | - LETTER FROM DEFT TO CLERK RAY XAVIER (Dkt'd 05/15/87). |
| 10/28/86 | 187 | Filed CJA Form #20 copy #5 appointing SELBY, MANTON L as attorney for defendant (Dkt'd 05/15/87). |
| 07/31/86 | 154 | Minute sheet filed (JUDGE PECKHAM) (Dkt'd 05/15/87). Trial held-jury (Counts 1,2,3,4,5,6,7,8,9,10,11,12-13,14) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
|         | 155 | - TRIAL TITLE SHEET (Dkt'd 05/15/87). |
|         | 156 | Filed subpoena (s) returned executed (WANDA GRIGGS) (Dkt'd 05/15/87). |
|         | 157 | Filed jury instructions (Dkt'd 05/15/87). |
|         | 158 | - NOTES FROM THE JURY (Dkt'd 05/15/87). |
|         | 159 | Jury verdict of not guilty (Counts 1,2,3,4,5,6,7,8,9,10,11, 12-13,14) (ONLY BY REASON OF INSANITY) (JUDGE PECKHAM) (Dkt'd 05/15/87). |
| 08/01/86 | 160 | Order filed (JUDGMENT AND COMMITMENT ORDER ON NOT GUILTY BY REASON OF INSANITY ENTERED 8/1/86.) (JUDGE PECKHAM) (Dkt'd 05/15/87). |

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. Damian W. Wilmot, AUSA, U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts.  02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 6 / 1 /2006

COY PHELPS    78872-011                                        In Pro Se
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
                01432

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE,WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
FOURTH DIVISION

COY PHELPS                )
          Petitioner    (  Case No: 4:05-CV-40042-GAO
                  )
    -v-            )
DAVID WINN          (  NOTICE OF RELATED CASES
ATTENTED COMMAES,et.al.  )
       Respondent(s)  (
                 )

PLEASE TAKE NOTICE
that the above case may be related to the cases of:

     Phelps v Rasmussen,et.al.  4:-06-CV-40082-GAO
     Phelps v Colautti,et.al  4:06-CV-40011-GAO
     Phelps v Bracy, et.al.  4:06-CV-40090-GAO
     Phelps v Winn, et.al.    4:05-CV-40003-GAO

DATE:  6/1/2006

                                  In Pro Se
             COY PHELPS  78872-011
             FMC-DEVENS
             P. O. BOX 879
             AYER, MASSACHUSETTS
                     01432

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. Damian W. Wilmot, AUSA, U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts.  02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 6 / 1 /2006

                                        In Pro Se
COY PHELPS.  78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
                  01432

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE,WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)