UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
─────────────────────────────────
COY PHELPS,                    )
                               )
             Petitioner,       )
v.                             )        Civil Action No. 05-40042-GAO
                               )
DAVID WINN, et al.,            )
                               )
             Respondents.      )
                               )
─────────────────────────────────
```

**RESPONDENTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO
DISMISS HABEAS CORPUS PETITION, OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE**

Respondents, David Winn, et al.[1], respectfully submit this
Memorandum in Support of Their Motion to Dismiss this Habeas
Corpus Petition, or in the Alternative, to Transfer Venue.  In
the instant Petition, Coy Phelps ("Phelps" or "Petitioner")
appears to be seeking habeas relief on grounds that the Bureau of
Prisons ("BOP") does not have lawful custody over him under 18
U.S.C. §§ 4243 or 4246.  The Court should dismiss the petition
because Phelps has raised the same issues regarding his
confinement in several different courts, all of which have
decided the respective cases against him.  In any event, the
claims lack legal merit.  Alternatively, if the Court believes
that the instant petition intends to challenge Phelps' continued
confinement pursuant to 18 U.S.C. § 4243, as opposed to the

---

[1] The instant petition is brought against "David Winn, et
al." as respondents.  There is no indication to whom the "et al."
refers.  However, David Winn, as Warden of FMC-Devens is the only
proper respondent in this action.  See Rumsfeld v. Padilla, 542
U.S. 426 (2004).

underlying legal basis for detention, then the Court should transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1406(a) as the proper court to hear those issues.

## STATEMENT OF FACTS

Phelps is a federal inmate who is currently committed at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"). See Document ("Doc.") 1a to Declaration of Michael S. Romano ("Romano Decl."), attached hereto as Attachment 1.[2]

On July 31, 1986, Petitioner was found not guilty by reason of insanity in the United States District Court for the Northern District of California on charges of possessing, manufacturing, and placing pipe bombs at five San Francisco locations, in violation of 16 U.S.C. § 5861(f), and 26 U.S.C. § 844(f) and (I). United States v. Phelps, 955 F.2d 1258, 1260 (9th Cir. 1992).

On September 17, 1986, the United States District Court for the Northern District of California held a commitment hearing pursuant to the provisions of 18 U.S.C. §§ 4243 and 4247.  See Document B to Romano Decl.  Based on the testimony and evidence presented at the hearing, the court issued an order on September

---

[2]    The attachment of an affidavit and other exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Indeed, in considering a Rule 12(b)(1) motion, "[t]he court . . . may consider extrinsic materials, and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000).

24, 1986, remanding the Petitioner to the custody of the Attorney General for commitment in accordance with the provisions of 18 U.S.C. § 4243.  Id.  On July 13, 1988, a hearing was held pursuant to 18 U.S.C. §§ 4243 and 4247 to determine whether petitioner should be discharged from the United States Medical Center for Federal Prisoners located in Springfield, Missouri. See Document C attached to the Romano Declaration.  After the hearing, the Judge ordered that Petitioner should remain in the custody of the Attorney General.

On January 11, 1999, the United States District Court for the Northern District of California ordered that Phelps be released from BOP custody and committed to the custody of the U.S. Probation Service. See Document D attached to the Romano Decl.  On December 12, 2001, the same court ordered that petitioner be remanded to a suitable BOP facility so that he could be reevaluated to determine an appropriate treatment regimen and whether there were any conditions under which he could or should be released pursuant to 18 U.S.C. § 4243(f).  See Document F attached to the Romano Declaration.[3]

On April 17, 2002, the United States District Court for the Northern District of California remanded Petitioner to a suitable facility pursuant to 18 U.S.C. § 4243(f).  The BOP initially

---

[3] The Ninth Circuit also vacated the release order and ordered Petitioner re-hospitalized. See United States v. Phelps, 283 F.3d 1176 (9th Cir. 2002).

placed Phelps at FMC Butner and then transferred him to FMC-Devens on November 18, 2004. <u>See</u> Document G to Romano Decl.

In accordance with 18 U.S.C. § 4247(e), staff at FMC-Devens have performed an annual risk assessment and provided the subsequent report to the United States District Court for the Northern District of California. The last such report recommended that Petitioner remain in a secure locked inpatient facility as he remains mentally ill and dangerous. <u>See</u> Doc. H to Romano Decl. That report further found that Petitioner lacked insight as to his mental illness, refused any treatment, and refused to participate in any risk assessment. <u>See</u> <u>Id</u>.

Petitioner filed this habeas petition in the United States District Court for the District of Massachusetts on or about March 7, 2005.

**ARGUMENT**

I.   **The Petition Should Be Dismissed
      As It Is Barred by 28 U.S.C. § 2244(a)**

Federal courts may dismiss successive habeas petitions. See Sanders v. United States, 373 U.S. 1 (1963). A successive petition is defined as one which "raises grounds identical to those raised and rejected on the merits in a prior petition." See Kuhlmann v. Wilson, 477 U.S. 436, 445 n. 6 (1986). Accord St. Pierre v. Helgemoe, 545 F.2d 1306, 1307 (1st Cir. 1976) ("While res judicata has no place in habeas proceedings, a similar role is played by 28 U.S.C. § 2244, which restricts repetitive applications for habeas corpus.").

Title 28, United States Code, Section 2244(a) governs successive petitions filed by federal prisoners. It specifically provides that:

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

28 U.S.C. § 2244(a).

Throughout the instant Petition, Phelps argues that neither the Attorney General nor the BOP has lawful custody over him because he was acquitted by reason of insanity. He alleges that his legal status is that of an "unconvicted civil commitment." Petition at 1. He maintains that the "insanity acquitee cannot

- 5 -

be confined in a penal atmosphere" . . . or "be subjected to the same conditions . . . as a convicted prisoner." Petition at 3, ¶ 1c.

Phelps has filed numerous other cases in this court[4], as well as in the Eight Circuit, <u>Phelps v. United States Government</u>, 15 F.3d 735 (8th Cir. 1994); <u>Phelps v. U.S. Bureau of Prisons</u>, 62 F.3d 1020 (8th Cir. 1995); and in the Ninth Circuit, <u>U.S. v. Phelps</u>, 283 F.3d 1176 (9th Cir. 2002); and in the District of North Carolina, <u>Phelps v. Beeler</u>, No. 5:02-CT-501-H (Sept. 4, 2002, E.D.N.C.) (A copy of this decision is attached as Doc. I to the Romano Decl.). Each of the issues raised by Plaintiff in the current case, has been raised and disposed of in at least one of these previous cases.

In 1992, the Ninth Circuit rejected Phelps' challenge to the constitutionality of 18 U.S.C. § 4243. <u>United States v. Phelps</u>, 955 F.2d 1258 (9th Cir. 1992). In 1995, the Eight Circuit rejected Phelps' claims "that the BOP did not have authority over civil committees," holding that 18 U.S.C. § 4243(e) "gave the Attorney General custody over such persons." <u>Phelps v. United States Bureau of Prisons</u>, 62 F.3d 1020, 1022 (8th Cir. 1995). The Court found that Phelps was housed in a "suitable facility"

---

[4] The petitioner has filed numerous actions <u>pro</u> <u>se</u> in this District, including the following: <u>Phelps v. Winn</u>, 05-cv-40003; <u>Phelps v. Gonzales</u>, 05-cv-40063; <u>Phelps v. Rasmussen</u>, 06-cv-40082; <u>Phelps v. Haas</u>, 06-cv-40143.

when he was at the time housed in a federal medical center - FMC-Springfield.

Finally, the Eastern District of North Carolina rejected a similar petition to the one at bar.  In Phelps v. Beeler, 5:02-CT-501-H, Phelps attempted to raise the same issues – that he was wrongly confined to a prison rather than a hospital; that section 4243 was unconstitutional; and that he should be released if there was no suitable state facility.  The judge in that case recognized the issues as the same ones as already dismissed by the Eight Circuit and Ninth Circuit and denied the petition on that basis.  See Attachment I to the Romano Decl.

The issues raised by Phelps in the instant petition have been argued and decided before.  Accordingly, this Court should dismiss the subject petition as an impermissible successive filing pursuant to 28 U.S.C. § 2244.


**II.  Petitioner's Claim That He**
**Cannot Be Held In A Prison Is Without Merit.**

While this Court need not reach the merits in this case in accordance with the Respondents' arguments raised above, if it does, the Respondents maintain that Phelps' claims lack merit.

A person found not guilty by reason of insanity "shall be committed to a suitable facility until such time as he is eligible for release . . ."  18 U.S.C. § 4243(a).  Section 4243(e) gives the Attorney General custody over such persons.  18

- 7 -

U.S.C. § 4243(e).   A "suitable facility" is defined as "a
facility that is suitable to provide care or treatment given the
nature of the offense and the characteristics of the defendant."
18 U.S.C. § 4247(a)(2).

The purpose of the Insanity Defense Reform Act provision
requiring hospitalization of a federal criminal defendant found
not guilty only by reason of insanity is to ensure that such a
defendant will not be released to the streets. See United States
v. Kenney, 152 F.Supp.2d 631 (M.D. Pa. 2001).  Title 18, United
States Code, Section 4243 protects the public from injury to
another person or serious damage to the property of another by
the mental health commitment if he was released to society. Id.
Accord Pigg v. Patterson, 370 F.2d 101, 102-3 (10th Cir 1966)(an
individual, in a state or the federal penal system, who has
dangerous or violent tendencies may be appropriately confined in
a penitentiary).

The Petitioner has been properly committed under 18 U.S.C.
§4243 to FMC-Devens and it is a "suitable facility" within the
meaning of 18 U.S.C. §§ 4241, 4243. He has been found "dangerous
due to symptoms of mental illness."  United States v. Phelps, 35
F.3d 573 (9th Cir. August 30, 1994) (unpublished mem.).  His most
recent assessment also determined that he was both mentally ill
and dangerous.  See Attachment H to Romano Decl.  Based on
Phelps' well-document criminal history and mental diagnosis,

Phelps is indeed confined to a "suitable facility".

Petitioner's argument that he is not in a proper facility is therefore without merit.

### III. The Court Should Dismiss The Petitioner's Challenge To His Continued Commitment Pursuant to 18 U.S.C. § 4243 Because Such A Challenge Should Be Filed In The District Where He Was Originally Committed

To the extent that Petitioner wishes to challenge, pursuant to 18 U.S.C. § 4243, the most recent determination by the BOP that he remain committed, that challenge should be filed in the District in which the Petitioner was originally committed.

Title 18, United State Code, Section 4247(h) sets out the procedure by which a prisoner, such as Phelps, may challenge his commitment pursuant to 18 U.S.C. § 4243:

> [C]ounsel for the person or his legal guardian may, at any time during such person's hospitalization, file <u>with the court that ordered the commitment</u> a motion for a hearing to determine whether the person should be discharged from such facility . . .

18 U.S.C. § 4247(h).  Accordingly, the only appropriate forum in which Phelps may challenge his commitment is the district in which the commitment was ordered.

As stated by the Eighth Circuit, in <u>Archuleta v. Hedrick</u>, 365 F.3d 644, 649 (8th Cir. 2004), only the court that issued the commitment order may grant the statutory relief that Phelps is

seeking.

On September 24, 1986, the United States District Court for the Northern District of California issued an order committing petitioner to the custody of the Attorney General in accordance with the provisions of 18 U.S.C. § 4243.  See Doc. B to Romano Decl.  To date, the petitioner remains in the custody of the Attorney General pursuant to 18 U.S.C. § 4243 and is currently committed at FMC-Devens.  See Doc. A to Romano Decl.  However, because the Northern District of California ordered his original commitment, Petitioner's challenge in this Court to his Section 4243 commitment should be dismissed, and Petitioner may then re-file his challenge in the United States District Court for the Northern District of California.  Alternatively, if this Court does not choose to dismiss this petition, it should transfer it to the Northern District of California pursuant to 28 U.S.C. § 1406(a).  See Archuleta, 365 F.3d at 649 ("In these circumstances, a transfer of the petition under 28 U.S.C. § 1406(a) is "both permissible and appropriate.").

## CONCLUSION

Accordingly, for the reasons articulated above, this petition should be denied, or transferred due to improper venue.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Jennifer C. Boal

- 10 -

JENNIFER C. BOAL
Assistant U.S. Attorney
Moakley Federal Courthouse
Boston, MA 02210
Dated: October 11, 2006          (617) 748-3100

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Coy Phelps,                    :
        Petitioner            :
                              : Civil Action No.
            v.                : 05 cv 40042
                              :
David Winn,                    :
        Respondent            :
                              :

DECLARATION OF MICHAEL S. ROMANO

1.   I, Michael S. Romano, do hereby declare that I am an
attorney in the Northeast Regional Office, Federal Bureau of
Prisons (BOP).  I have worked in this position since May, 2006.
Prior to this position I was in private practice.  I worked for
the BOP as a Correctional Officer from October, 1991-August,2000.

2.   I am familiar with the procedures in the Northeast Regional
Office for maintaining accurate records and files.  I am also
familiar with the nationwide computerized data-base known as
Sentry.  Sentry is designed to track information about inmates
such as sentence computation, institution history, administrative
remedies and inmate discipline.

3.   Attached as exhibit "A" is the Public Information Data Sheet
for Petitioner Coy Phelps, Reg. No. 78872-011.  This Data Sheet
is printed from Sentry and shows Plaintiff is currently
incarcerated as a mental health commitment under 18 U.S.C. §4243.
He was committed by order of the United States District Court for
the Northern District of California.

1

4.   Attached to this declaration as exhibit "B" is a copy of the Commitment Order under 18 U.S.C. §4243(e), dated September 24, 1986.

5.   Attached as exhibit "C" is a copy a court order mandating Petitioner Coy Phelps to in the custody of the Attorney General in accordance with the provisions of 18 U.S.C. §4243, dated July 20, 1988.

6.   Attached as exhibit "D" is a copy of the Order of Release of Petitioner herein to the custody of the United States Probation Service, dated January 11, 1999.

7.   Attached as exhibit "E" is a copy of the Conditions of Release Pursuant to Title 18 U.S.C. §4243(f), dated January 4, 1999.

8.   Attached as exhibit "F" is a copy of the Order Remanding Defendant to Suitable Bureau of Prisons' Medical Facility for Re-evaluation/Certifying of Release Conditions if Appropriate, 18 U.S.C. §4243(f), dated December 12, 2001.

9.   Attached as exhibit "G" is a copy of the Order Remanding Defendant to Suitable Bureau of Prisons Medical Facility, 18 U.S.C. §4243(f) and Dismissing Petition Filed Pursuant to 28 U.S.C. §2255, dated April 17, 2002.

10.  Attached as exhibit "H" is a copy of the Letter to The Honorable Marilyn Hall Patel from David L. Winn, Warden, dated January 10, 2006.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based on records found in Bureau of Prisons Files. Executed on October 4, 2006.

Michael S. Romano
Assistant Regional Counsel

3

```
NERH1                      PUBLIC INFORMATION                      09-27-2006
PAGE 002          *           INMATE DATA            *          08:03:21
                           AS OF 09-27-2006

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FAX: 978-796-1118
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-06-2002 0657 03-06-2002 1200
ATL    HLD REMOVE  HOLDOVER REMOVED               03-06-2002 0657 03-06-2002 0657
ATL    A-PRE       PRE-SENT ADMIT, ADULT          02-25-2002 1932 03-06-2002 0657
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL  02-25-2002 1932 02-25-2002 1932
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 02-25-2002 0945 02-25-2002 1932
OKL    HLD REMOVE  HOLDOVER REMOVED               02-25-2002 0845 02-25-2002 0845
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   02-22-2002 1830 02-25-2002 0845
6-K    RELEASE     RELEASED FROM IN-TRANSIT FACL  02-22-2002 1930 02-22-2002 1930
6-K    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 02-08-2002 1851 02-22-2002 1930
OKL    HLD REMOVE  HOLDOVER REMOVED               02-08-2002 1751 02-08-2002 1751
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   02-08-2002 1750 02-08-2002 1751
2-F    RELEASE     RELEASED FROM IN-TRANSIT FACL  02-08-2002 1850 02-08-2002 1850
2-F    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-17-2002 1718 02-08-2002 1850


G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 978-796-1000      FAX: 978-796-1118
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  HOSTRT CMP


--------------------------CURRENT JUDGMENT/WARRANT NO: 030 --------------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-85-00899-MHP
JUDGE...........................: PATEL
DATE SENTENCED/PROBATION IMPOSED: 12-12-2001
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 03-06-2002
HOW COMMITTED...................: REVOCATION OF COND DISCHARGE
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

```
 NERH1              *      PUBLIC INFORMATION        *      09-27-2006
PAGE 004            *         INMATE DATA            *      08:03:21
                           AS OF 09-27-2006
```

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO         AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  123
OFF/CHG: BOMBING OF BUILDING

 SENTENCE PROCEDURE.............: 4243 HOSPITALIZATION AND TREATMENT
 SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE
 DATE OF OFFENSE................: 09-20-1985


G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40042-GAO   Document 12-2   Filed 10/11/2006   Page 7 of 48

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118

------------------------CURRENT COMPUTATION NO: 030 ------------------------

COMPUTATION 030 WAS LAST UPDATED ON 03-11-2002 AT BUH MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 12-12-2001
TOTAL TERM IN EFFECT............: NOT APPLICABLE
EARLIEST DATE OF OFFENSE........: 09-20-1985

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0

 G0002      MORE PAGES TO FOLLOW . . .

```
  NERH1                      PUBLIC INFORMATION                    09-27-2006
PAGE 006              *           INMATE DATA              *       08:03:21
                              AS OF 09-27-2006
```

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: UNKNOWN


NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN


G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40042-GAO   Document 11-2   Filed 10/11/2006   Page 9 of 48

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: HOSTRT CMP

G0002        MORE PAGES TO FOLLOW . . .

```
NERH1                      PUBLIC INFORMATION                     09-27-2006
PAGE 008          *            INMATE DATA              *         08:03:21
                           AS OF 09-27-2006

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  01-11-1999 VIA STDY CMPLT

------------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION..........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER..................: CR-85-0899 RFP
JUDGE..........................: PECKHAM
DATE SENTENCED/PROBATION IMPOSED: 07-20-1988
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 07-21-1988
HOW COMMITTED..................: 4243/46 HOSPITAL/TREATMENT
PROBATION IMPOSED..............: NO

G0002      MORE PAGES TO FOLLOW . . .
```

```
  NERH1                  *        PUBLIC INFORMATION        *      09-27-2006
PAGE 009          *                 INMATE DATA            *      08:03:21
                                 AS OF 01-11-1999

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:  123
OFF/CHG: BOMBING OF BUILDING

 SENTENCE PROCEDURE.............: 4243 HOSPITALIZATION AND TREATMENT
 SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS      5 MONTHS    23 DAYS
 DATE OF OFFENSE................: 09-20-1985


G0002      MORE PAGES TO FOLLOW . . .
```

```
  NERH1                   PUBLIC INFORMATION                    09-27-2006
PAGE 010          *          INMATE DATA              *         08:03:21
                          AS OF 01-11-1999


REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118


-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-21-1999 AT BUT AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 020

DATE COMPUTATION BEGAN..........: 07-20-1988
TOTAL TERM IN EFFECT...........:    10 YEARS     5 MONTHS      23 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS     5 MONTHS      23 DAYS
EARLIEST DATE OF OFFENSE........: 09-20-1985

TOTAL JAIL CREDIT TIME..........: 0

G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40042-GAO   Document 11-2   Filed 10/11/2006   Page 13 of 48

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: N/A
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 01-11-1999

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118


ACTUAL SATISFACTION DATE........: 01-11-1999
ACTUAL SATISFACTION METHOD......: STDY CMPLT
ACTUAL SATISFACTION FACILITY....: BUT
ACTUAL SATISFACTION KEYED BY....: THC

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0




G0002       MORE PAGES TO FOLLOW . . .

```
  NERH1                    PUBLIC INFORMATION                    09-27-2006
PAGE 013         *            INMATE DATA            *          08:03:21
                          AS OF 06-01-1988
```

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  06-01-1988 VIA STDY CMPLT

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION..........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER..................: 85-0899-RFP
JUDGE..........................: PECKHAM
DATE SENTENCED/PROBATION IMPOSED: 09-24-1986
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 04-09-1987
HOW COMMITTED..................: 4243/46 HOSPITAL/TREATMENT
PROBATION IMPOSED..............: NO

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000    FAX: 978-796-1118
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 123
OFF/CHG: BOMBING OF BUILDING  TITLE 18 SEC 4243(E)

 SENTENCE PROCEDURE.............: 4243 HOSPITALIZATION AND TREATMENT
 SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE



G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40042-GAO    Document 11-2    Filed 10/11/2006    Page 17 of 48

```
  NERH1                     PUBLIC INFORMATION                    09-27-2006
PAGE 015            *          INMATE DATA            *           08:03:21
                             AS OF 06-01-1988


REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118

--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-14-1987 AT SPG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:    010 010

DATE COMPUTATION BEGAN..........: 09-24-1986
TOTAL TERM IN EFFECT............: NOT APPLICABLE

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0

G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40042-GAO     Document 12     Filed 10/11/2006     Page 18 of 48

                              PUBLIC INFORMATION
                                 INMATE DATA
                              AS OF 06-01-1988

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000    FAX: 978-796-1118
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
SIX MONTH /10% DATE.............: UNKNOWN
EXPIRATION FULL TERM DATE.......: UNKNOWN

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

ACTUAL SATISFACTION DATE........: 06-01-1988
ACTUAL SATISFACTION METHOD......: STDY CMPLT

G0002      MORE PAGES TO FOLLOW . . .

```
  NERH1                      PUBLIC INFORMATION          *        09-27-2006
PAGE 017 OF 017 *              INMATE DATA               *        08:03:21
                            AS OF 06-01-1988


REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
ACTUAL SATISFACTION FACILITY....: SPG
ACTUAL SATISFACTION KEYED BY....: KLM


DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0
```

```
G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

ATTACHMENT "B"

FILED

SEP 24  11 29 AM '86

CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )     Criminal No.:  85-0899-RFP
                              )
     v.                       )     COMMITMENT ORDER UNDER
                              )     18 U.S.C. § 4243(e)
COY RAY PHELPS,               )
                              )
          Defendant.          )
_____)

On September 17, 1986, this court held a hearing

pursuant to the provisions of 18 U.S.C. §§ 4243 and 4247.  Based

on the testimony and evidence presented at the hearing, as well

as the trial record in this case, the court hereby finds as

follows:

(1)  The defendant has failed to meet his burden of

proving by clear and convincing evidence that his release would

not create a substantial risk of bodily injury to another person

or serious damage of property of another due to a present mental

disease or defect;

(2)  The defendant has a severe mental disease at the

FORM OBD-183
MAR 83

present time;

1

2          (3)   There is clear and convincing evidence that the

3   defendant's release under any conditions would create a

4   substantial risk of bodily injury to persons and serious damage

5   of property of others due to the defendant's present mental

6   disease;

7          ACCORDINGLY, IT IS HEREBY ORDERED that the defendant,

8   Coy Ray Phelps, is remanded to the custody of the Attorney

9   General for commitment in accordance with the provisions of 18

10  U.S.C. § 4243.  The Court further admonishes the Attorney General

11  that in view of the serious danger posed by Mr. Phelps, that all

12  efforts be made to commit him to a secure facility to minimize

13  the risk of escape or other unauthorized release.

    DATED:                      IT IS SO ORDERED.
14
    September 24, 1986
15

16
                                ROBERT F. PECKHAM
17                              U.S. District Judge
        RELEASE DATA
18  Date & Method 6/1/88 Stdy Cmplt

19           SGT

20           EGT

21           PL

22  Bal. Rmg. on Sentence

23  Supervision Expires

24  Years SPT    SPT Begins

25           SPT Expires

26

    COMMITMENT ORDER UNDER
    18 U.S.C. 4243(e)              -2-

**ATTACHMENT "C"**



FILED

JUL 21  9 39 AM '88

CLERK
US DISTRICT COURT
NORTHERN DISTRICT...

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )
                                    )   No. CR-85-0899
                 Plaintiff,         )
                                    )
        v.                          )
                                    )
COY RAY PHELPS,                     )
                                    )
                 Defendant.         )
                                    )
_____

        On July 13, 1988, this court held a hearing pursuant

to the provisions of 18 U.S.C. §§ 4243 and 4247 to determine

whether Coy Ray Phelps should be discharged from the United

States Medical Center for Federal Prisoners located in

Springfield, Missouri.  Based on the testimony and evidence

presented at the hearing, the court hereby finds as follows:

        (1)  The defendant has failed to meet his burden of

proving by clear and convincing evidence that his discharge

would not create a substantial risk of bodily injury to

another person or serious damage of property of another due to

a present mental disease or defect;

        (2)  The defendant continues to suffer from a severe

mental disease;

        (3)  There is clear and convincing evidence that the

defendant's discharge under any conditions would create a

substantial risk of bodily injury to persons and serious

1  damage of property of others due to the defendant's present

2  mental disease.

3          Accordingly, IT IS HEREBY ORDERED, that Coy Ray

4  Phelps remain in the custody of the Attorney General in

5  accordance with the provisions of 18 U.S.C. § 4243.

6  Dated:   July 20, 1988

7

8                                        _____
                                         Chief United States District Judge
9

10

11

12

13

14  Delivered to USMCFP @ Springfield, MO  7-21-1988.

15

16                                         J. Mattingly
17                                         (for USMCFP SIS)

18

19

20

21

22

23

24

25

26

27

28

2

1  CR-85-0899 RFP    UNITED STATES OF AMERICA VS. COY RAY PHELPS

2

3                  CERTIFICATE OF SERVICE BY MAIL

4          I, the undersigned deputy clerk, declare under penalty

5  of perjury that I served the following document(s) as listed

6  below by enclosing a true copy of said document(s) in a separate

7  postage paid, sealed envelope and to-day placing the said

8  envelope in a regularly maintained United States Postal Service

9  mail depository in the City and County of San Francisco,

10  California, addressed as follows:

11   Joel Levin, Esq.
     Assistant United States Attorney
12   450 Golden Gate Ave., 16th Floor
     San Francisco, CA  94102
13
     Manton L. Selby, II, Esq.
14   Attorney at Law
     345 California St., 22nd Floor
15   San Francisco, CA  94104

16   Mr. Glen Robinson
     United States Marshal
17   450 Golden Gate Ave., 20th Floor
     San Francisco, CA  94102
18

19   1)   ORDER THAT MR. COY RAY PHELPS REMAIN IN THE CUSTODY
          OF THE ATTORNEY GENERAL IN ACCORDANCE WITH THE PROVISIONS
20        OF 18 USC 4243

21

22

23

24

25

26

27

28   DATED:   July 21, 1988                    _____
                                               Deputy Clerk

ATTACHMENT "D"

JAN. -19' 99 (TUE) 11:20    UCMS/'    CRIMINAL    TEL:41      7669    P. 001

FILED

UNITED STATES DISTRICT COURT    JAN 1 1 1999

NORTHERN DISTRICT OF CALIFORNIA    RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA    )    NO. CR-85-0899 MHP
                            )
        Plaintiff,          )    <u>ORDER OF RELEASE</u>
                            )
        -vs.-               )
                            )
COY RAY PHELPS              )
                            )
        Defendant.          )

        IT IS HEREBY ORDERED that the United States Marshals Service shall release on this

date, or as soon thereafter as possible, Coy Ray Phelps to the custody of the United States

Probation Service.


        IT IS SO ORDERED.


DATED: Jan. 11, 1999


                            MARILYN HALL PATEL
                            United States District Judge


                            VERIFIED Lori Murray, Deputy Clerk
                            AGENCY District Court
                            PHONE # 415·522·2000
                            DATE/TIME 1·19·1999 301p
                            ISM STAFF Ami Williams
                            Legal Instruments Examiner

ATTACHMENT "E"

JAN. -19' 99(TUE) 11:21   UCMS/    CRIMINAL                TEL:41    J 7669              P. 002

F I L E D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAN - 4 1998

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

'99  JAN -5 P2:00

NORTHERN DISTRICT
OF CALIFORNIA

UNITED STATES OF AMERICA        )
                                )
vs.                             )    Docket Number: CR85- 0899 MHP
                                )
COY RAY PHELPS                  )

## Conditions of Release Pursuant to Title 18, U.S.C. § 4243(f)

Mr. Phelp's term of supervision is for an unspecified term commencing upon release from confinement until notified by this court. He shall report in person to the probation office in the district to which he is released within 72 hours of his release from custody unless prior arrangements have been approved directly between the defendant and the assigned probation officer or designee.

1) Mr. Phelps shall reside at Pine Home at 314 W. Pine St., Lodi, California, 95240, telephone number (209) 334-6441. Any change in residence must be pre-approved by his supervising U.S. Probation Officer. This placement is not intended to be a lock-down facility, and the defendant shall be permitted to go about his daily business, to include finding an approved job, and/or going to the library. The probation officer has the authority to restrict the defendant's movements if he does not follow the rules of release.

2) Mr. Phelps shall follow all rules at Pine Home, and shall abide by their protocol concerning the use of a payee to monitor his monthly finances. Mr. Phelps shall pay Pine Home the costs of his housing on a monthly basis, as directed by the U.S. Probation Officer.

3) Mr. Phelps shall report as directed to the U.S. Probation Officer assigned to his case. Initially he will be assigned to Richard W. Elkins, whose office is located at 9412 Big Horn Boulevard, #1, Elk Grove, California, 95758, telephone number (916) 683-3321 or (916) 683-3324. He will comply with the specific conditions listed herein and the standard conditions of the district of supervision.

4) Mr. Phelps shall be restricted from travel without prior approval of the U.S. Probation Officer. With prior approval, the defendant may be allowed to travel within the limits of the Eastern and Northern Districts of California.

5) Mr. Phelps shall not incur new credit charges or open lines of credit without the approval of the probation office. He shall provide the probation officer with access to any requested financial information.

6) Mr. Phelps shall maintain active participation in any regimen of outpatient mental health care as directed by the U.S. Probation Officer. He will participate in any mental health evaluation directed by the U.S. Probation Officer, in order to determine appropriate treatment plans.

JAN. -19'99(TUE) 11:21     UCMS/~   .CRIMINAL                TEL:41~  o 7669                 P. 003

7)  Mr. Phelps shall take any medications, as prescribed for him by a psychiatrist for the purpose of emergency treatment only.  If the treating psychiatrist and/or probation officer believe that use of medication is needed on an ongoing basis, the matter shall immediately be returned to this court.

8)  Mr. Phelps shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

9)  Mr. Phelps shall abstain from the use of alcohol, illegal narcotic substances or drugs.  He may be required to submit to testing for use of alcohol and drugs at the direction of the U.S. Probation Officer. The court notes that the defendant is unable to provide urinalysis tests and approves other means of monitoring drug and alcohol usage.

10) As directed by the U.S. Probation Officer, Mr. Phelps shall notify third parties of risk that may be occasioned by his criminal record, and conduct in the instant offense.  In addition, any activities or potential contact involving minors must be pre-approved by the probation officer.

11) Mr. Phelps shall not possess any firearm, destructive device, or materials used to build a destructive device.

12) He shall submit to the search of his person, property and vehicle by a U.S. Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant.  The defendant shall warn any other residents that the premise may be subject to searches pursuant to this condition.

13) It is not the intent of the court to have the defendant committed to a hospital or institution without first consulting the court, unless an emergency occurs whereby the defendant poses an imminent danger to himself or others.  Under emergency circumstances, the probation officer has the authority to commence necessary proceedings to ensure the safety of the defendant and/or those around him.   If the defendant poses a continual danger, the matter should immediately be brought before the court.

13) Annual reports shall be filed by the U.S. Probation Office with the court, with copies to the U.S. Attorney, defense counsel, and the Warden of the medical facility at Springfield, Missouri.

As soon as arrangements can be made, the probation office shall transport the defendant to Pine Home.

Date: *January 4, 1999*                    _____
                                           UNITED STATES DISTRICT JUDGE

NDC;48

ATTACHMENT "F"

# FILED

JAN 1 4 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-85-00899-MHP |
| Plaintiff, | ORDER REMANDING DEFENDANT TO |
| v. | SUITABLE BUREAU OF PRISONS' MEDICAL<br>FACILITY FOR REEVALUATION/CERTIFYING<br>OF RELEASE CONDITIONS IF APPROPRIATE |
| COY RAY PHELPS, | 18 U.S.C. § 4243(f) |
| Defendant. | |

On March 26, 2001, the U. S. Probation Officer filed a Petition for Conditional Release

Action requesting that the Court issue a warrant for Mr. Phelps' arrest and that he show cause

why his conditional release should not be revoked. The petition was based on probation officer

Richard Elkins' report that the defendant had contracted with "1st page.com" to "upload" a CD-

ROM. for the so-called Nazirite Religion..

On April 30, 2001, Supervising Probation Officer John Storm filed a Memorandum in

which he amplified and further explained the basis for requesting that this Court revoke Phelps'

conditional release:

1.    Mr. Phelps failed to comply with Condition the eight original conditions of

I hereby certify that the annexed
instrument is a true and correct copy
ATTEST:
RICHARD W WIEKING
Clerk, U.S. District Court
Northern District of California
BY
Deputy Clerk
Date

UNITED STATES' POST HEARING BRIEF
IN SUPPORT OF MOTION TO REVOKE
CONDITIONAL DISCHARGE PURSUANT TO
18 U.S.C. § 4243(G)

1    release which directed that he shall not possess any firearm, destructive device , or
     materials used to build a destructive device, in that he attempted to obtain a
2    firearm according to a statement from [a witness]. According to [a witness], on
     three occasions since his discharge from the Federal Medical Center, Mr. Phelps
3    asked [a witness] to purchase a gun for him, and to rent a storage facility as a
     place to store the gun.
4
     2.    Mr. Phelps failed to comply with Condition 3 to the original conditions of release
5          which required him to comply with the standard conditions of the district of
           supervision in that he violated Eastern District of California Standard Conditions
6          3, that "The defendant shall answer truthfully all inquiries by the probation officer
           and follow the instructions of the probation officer", by making false statements
7          to U. S. Probation Officer Elkins concerning his relationship to the Nazirite
           Religion, in violation of 18 U.S.C. § 1001 and by violating other federal statutes.[1]
8
9    On August 6 and 7, 2001, the Court held an evidentiary hearing under 18 U.S.C. §

10   4243(g) to determine whether the defendant had failed to comply with the prescribed treatment

11   regimen and release conditions, and whether as a result, his continued release would create a

12   substantial risk of bodily injury to another person or serious damage to property of another.

13       The evidence was uncontradicted at the hearing that the defendant continues to suffer

14   from a mental disease and/or defect – most likely, paranoid schizophrenia.   As a result, he is

15   extremely dangerous to others.  His website represents the expressions of his delusional thinking.

16   Defendant has acted on his delusional thoughts and/or extreme beliefs in the 1980's as evidenced

17   by his bombing activities at synagogues and at the Black Studies Department at San Francisco

18   State University.  In his Nazirite website, the defendant encouraged others to kill Jews, Blacks,

19   FBI agents, police officers, judges and others – similar to the sentiments he expressed in the past

20   before he planted the bombs that led to this case – and in the website, he attempted to recruit

21   others to assist him in carrying out his plans.  He lied to his probation officer about his

22   involvement with the Nazirite organization.  He tried to get an acquaintance to purchase a gun for

23   him on 3 different occasions but was unsuccessful.  The probation officer, treating social worker,

24   and examining psychiatrist all agreed that the current release conditions were inadequate to

25   _____

26       [1]  The amended petition also charged that Phelps failed to comply with Condition 3 of the
     original conditions of release which  required him to comply with the standard conditions of the
27   district of supervision in that he violated Eastern District of California Standard Condition 9, that
     The United States did not introduce any evidence of this violation at the hearing.

28

1   control the defendant's dangerousness.  At a minimum, the psychiatrist, Dr. George Bach-y-Rita,

2   opined that the defendant needs to be hospitalized for a 6-8 month period of time in a locked

3   hospital setting, given modern psychotropic drugs, and then reevaluated before he is once again

4   released into the community.  Dr. Bach-y-Rita also explained that even if treated with

5   medication, his condition will not resolve: at most it may stabilize so that he can be adequately

6   controlled to minimize the risk to society to an acceptable level.

7        Following the hearing, the Court directed the Probation Officer to investigate the

8   feasibility of placing Mr. Phelps in a locked community treatment and/or psychiatric facility but

9   no suitable option could be found.[2]  At some point during the last few months, however, while in

10  custody, the defendant has begun to take oral psychotropic medications but has not been

11  thoroughly evaluated to see what if any effect the medication is having and whether there are any

12  suitable conditions that could be fashioned.  In addition, the Court is mindful of the defendant's

13  arguments that any release conditions should be "certified by the director of the facility in which

14  he has been committed" in order to comply with the requirements set forth in 18 U.S.C. §

15  4243(f)(2).

16       Therefore, for Good Cause Shown, the Court finds, based on the testimony adduced at the

17  evidentiary hearing, in particular that of psychiatrist Dr. George Bach-y-Rita, that the defendant

18  is dangerous and is suffering from a mental disease and/or defect from which the danger

19  emanates and that the previously imposed release conditions are inadequate to treat the

20  defendant's condition and/or protect the community.

21

22

23

24

25  //

26

27        [2]     See Probation Officer's Report dated December 5, 2001.

28  UNITED STATES' POST HEARING BRIEF
    IN SUPPORT OF MOTION TO REVOKE
    CONDITIONAL DISCHARGE PURSUANT TO
    18 U.S.C. § 4243(G)                                                          PAGE 3

1     It is Hereby Ordered that defendant shall be remanded forthwith to a suitable Bureau of

2 Prisons' facility, preferably the Medical Facility at Butner, so that he can be reevaluated to

3 determine what treatment regimen is appropriate and whether there are any conditions under

4 which the defendant can or should be released as specified in 18 U.S.C. § 4243(f).

5     It is So Ordered.

6

7 DATED: December 12, 2001

8                                      HON. MARILYN HALL PATEL

9                                      Chief, United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23       DEFENDANT DELIVERED ON 3-6-02
      TO FMC BUTNER, NORTH CAROLINA

24       A. F. BEELER
      WARDEN

25       BY.

26

27

28 UNITED STATES' POST HEARING BRIEF
IN SUPPORT OF MOTION TO REVOKE
CONDITIONAL DISCHARGE PURSUANT TO
18 U.S.C. § 4243(G)                                             PAGE 4

awb

United States District Court
for the
Northern District of California
January 15, 2002

* * CERTIFICATE OF SERVICE * *

Case Number:3:85-cr-00899

USA

    vs

Phelps

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

      George C. Boisseau, Esq.
      Fifth Floor
      50 Santa Rosa Ave
      Santa Rosa, CA   95404

      Jeffrey L. Bornstein, Esq.
      U.S. Attorney's Office
      450 Golden Gate Avenue
      P.O. Box 36055
      San Francisco, CA   94102

                                     Richard W. Wieking, Clerk

                               BY:
                                  Deputy Clerk

**ATTACHMENT "G"**

SEP-16-2004 THU 03:19 PM F  BUTNER LEGAL DEPT        FAX NO.    5754813            P. 06
JUL-15-2004  15:52                                                                P. 84
                                                                                  CF

# FILED

## APR 1 7 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-85-00899-MHP |
| Plaintiff, | |
| v. | |
| COY RAY PHELPS, | |
| Defendant. | |
| COY RAY PHELPS | NO. C 01-2808 MHP |
| Petitioner | [PROPOSED] ORDER REMANDING DEFENDANT TO SUITABLE BUREAU OF PRISONS' MEDICAL FACILITY 18 U.S.C. § 4243(f) AND DISMISSING PETITION FILED PURSUANT TO 28 U.S.C. § 2255. |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent | |

In a published opinion filed March 21, 2002, the Ninth Circuit vacated this Court's

previously issued conditional release orders because it determined that Mr. Phelps should never

have been released due to the failure of the director of the medical facility in which he was being

treated to file the necessary certificate authorizing his release and approving of the release

conditions as mandated under 18 U.S.C. § 4243(f). The Ninth Circuit further ordered that this

[PROPOSED] ORDER REMANDING DEFENDANT
TO MEDICAL FACILITY 18 U.S.C. § 4243(f) AND
DISMISSING § 2255 PETITION

4751K

TOTAL P.84

SEP-16-2004 THU 03:19 PM F   BUTNER LEGAL DEPT    FAX NO.    6754813    P. 07
JUL-15-2004  15:51    P.02

1    Court enter an order that Phelps be rehospitalized until and unless new release proceedings are

2    appropriately instituted in compliance with § 4243(f).[1]

3        THEREFORE, IT IS HEREBY ORDERED that defendant shall be remanded forthwith to a

4    suitable Bureau of Prisons' facility, preferably the Medical Facility at Butner, in accordance with

5    the Mandate of the Ninth Circuit as expressed in its opinion dated March 21, 2002, a copy of

6    which is attached hereto.

7        IT IS FURTHER ORDERED that in light of the Ninth Circuit's decision, defendant's

8    petition filed under 28 U.S.C. § 2255 is dismissed as moot.

9        IT IS SO ORDERED.

10

11    DATED:  April 12, 2002

12

13                                    HON. MARILYN HALL PATEL
                                       Chief, United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24        In a written order dated January 14, 2002, following a multiple day evidentiary
25    hearing and post-hearing arguments, this Court previously ordered that Phelps be rehospitalized
      based on the testimony adduced at the evidentiary hearing, in particular that of psychiatrist Dr.
26    George Bach-y-Rita, that the defendant was dangerous and that he continued to suffer from a
      mental disease and/or defect from which the danger emanates and that the previously imposed
27    release conditions are inadequate to treat the defendant's condition and/or protect the community.
      That finding is unaffected by the Ninth Circuit's Decision.

28

[PROPOSED] ORDER REMANDING DEFENDANT
TO MEDICAL FACILITY 18 U.S.C. § 4243(f) AND
DISMISSING § 2255 PETITION                          2

SEP-16-2004 THU 03:19 PM    OUTNER LEGAL DEPT    FAX NO.    5754813    P. 08
JUL-15-2004  15:52    P.03
awb

United States District Court
for the
Northern District of California
April 18, 2002

\* \* CERTIFICATE OF SERVICE \* \*

Case Number:3:85-cr-00899

USA

vs

Phelps

, the undersigned, hereby certify that I am an employee in the Office of
he Clerk, U.S. District Court, Northern District of California.

hat on  April 18, 2002, I SERVED a true and correct copy(ies) of
he attached, by placing said copy(ies) in a postage paid envelope
ddressed to the person(s) hereinafter listed, by depositing said
nvelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
elivery receptacle located in the Clerk's office.

George C. Boisseau, Esq.        AB/MHP
Fifth Floor
50 Santa Rosa Ave
Santa Rosa, CA  95404

Jeffrey L. Bornstein, Esq.
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA  94102

Richard W. Wieking, Clerk

BY:
A Bowser, Deputy Clerk

ATTACHMENT "H"

05/15/2006  10:23   97879          PSYCHOLOGY SER              PAGE  02/09



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

FOI EXEMPT

---

P.O. Box 880
Ayer, MA 01432

January 10, 2006

The Honorable Marilyn Hall Patel
United States District Court
Northern District of California
Phillip Burton United States Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Re:    PHELPS, Coy Ray
       Reg. No.: 78872-011
       Case No.: CR-85-00899-MHP

Dear Chief Judge Patel:

Mr. Coy Phelps was committed to the custody of the Attorney General and his authorized representative pursuant to Title 18, U.S.C., Section 4243, per your order dated December 12, 2001. Enclosed is the most recent Risk Assessment Panel Report addressing Mr. Phelps' current mental condition.

As can be seen in the report, it is the clinical opinion of the Risk Assessment Panel that Mr. Phelps remains mentally ill and dangerous. He lacks insight into his mental illness, refuses any treatment and refuses to participate in any assessment of risk. It is recommended that he remain in a secure locked inpatient unit.

I hope this information is of assistance to the Court. If you have any questions or comments, please contact me at (978) 796-1000.

Sincerely,

David L. Winn
Warden

Enclosure

ATTACHMENT "I"

Case 4:05-cv-40042-GAO    Document 11-2    Filed 10/11/2006    Page 45 of 48

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**

No. 5:02-CT-501-H

**SEP 4 2002**

DAVID W. Lowell, CLERF
U.S. DISTRICT COURT.
E. DIST. NO. CAR..

| | |
|---|---|
| COY PHELPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ART BEELER, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff, an inmate at the Federal Medical Center in Butner, North Carolina(FCM-Butner), filed this as a *Bivens*[1] action alleging a violation of his constitutional rights. This matter is before the court for a frivolity review pursuant to 28 U.S.C. §1915A. A claim having no arguable basis in law or in fact may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Plaintiff brings his action against Art Beeler, Warden at FMC-Butner; John Ashcroft, United States Attorney General; and Cathy Hawks, Director of the United States Bureau of Prisons. Plaintiff states that he is challenging the constitutionality of 18 U.S.C. § 4243. He claims this statute, as it is interpreted and applied, causes him to suffer imprisonment, abuse, and mistreatment in violation of the Constitution. The gravamen of Plaintiff's claim is that it is unconstitutional to confine him, an "insanity acquittee," in a jail or prison, as opposed to a hospital. Plaintiff also contends the statute has a punitive effect where release conditions were imposed on him when he was temporarily released in 1999. Plaintiff asserts he is neither

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Cc plf   SEP 4 2002

2

mentally ill nor dangerous and therefore should be released, even if the BOP is unable to find suitable placement in a state facility.   Plaintiff avers that his right to equal treatment and his right against double jeopardy are being violated because convicted inmates are allowed to go free once they serve their sentence; yet the crimes of an insanity acquittee are repeatedly considered whenever release is at issue.  Plaintiff concludes that Defendants have violated his right against false imprisonment and that as an unconvicted civil mental patient, he cannot be punished by being placed in prison.

Plaintiff has filed numerous other cases in this court, as well as in the Eighth Circuit, *Phelps v. U.S. Government*, 15 F.3d 735 (8th Cir. 1994); *Phelps v. U.S. Bureau of Prisons*, 62 F.3d 1020 (8th Cir. 1995);  and in the Ninth Circuit, *U.S. v. Phelps*, 35 F.3d 573, 1994 WL 467990(9th Cir. Aug. 30, 1994); *U.S. v. Phelps*, rel 283 F.3d 1176 (9th Cir.), *cert. denied*, 122 S.Ct. 1176 (2002).  Each of the issues raised by Plaintiff in the current case, has been raised and disposed of in at least one of these previous cases.

Plaintiff's challenge to the constitutionality of 18 U.S.C. § 4243 was rejected in *U.S. v. Phelps*, 955 F.2d 1258 (9th Cir.), *cert. denied*, 504 U.S. 989(1992).  In a subsequent case *U.S. v. Phelps*, 35 F.3d 573(9th Cir. August 30, 1994)(unpublished), the court affirmed the lower court's finding that § 4243 is not unconstitutional under the Supreme Court ruling in *Foucha v.Louisiana*, 504 U.S. 71 (1992).  Plaintiff raised his claim concerning the constitutionality of treating an insanity acquittee like a convicted criminal in *Phelps v. U.S.*, 15 F.3d 735 (8th Cir. 1994), but the court did not address the merits of Plaintiff's claim.  Plaintiff raised the same issue in this court in

2

*Phelps v. U.S.*, No. 5:94-CT-338-BR(E.D.N.C. Feb. 2, 1995)(unpublished), *aff'd per curiam*, 56 F.3d 61(table), 1995 WL 318442(4th Cir. 1995)(unpublished). United States Magistrate Judge Wallace Dixon's recommendation that Plaintiff's claims be dismissed were accepted by the court. It was determined that there had been no misapplication of the law in term's of the Attorney General's decision to commit Plaintiff to BOP. Further, it was concluded that the federal prison hospitals are "suitable facilities" under 18 U.S.C. §4247 (a)(2).

Plaintiff presented essentially the same claims to the Eighth Circuit Court of Appeals in *Phelps v. U.S. Bureau of Prisons*, 62 F.3d 1020 (8th Cir. 1995), where he filed a civil rights action claiming he should be confined under hospital-like conditions rather than the prison-like conditions at FMC-Springfield, where he was housed at the time. That court found that Plaintiff was housed in a "suitable facility" within the meaning of 18 U.S.C. §4243(a). This court finds, therefore, that the issue of whether Plaintiff is housed in a "suitable facility," when housed in a federal medical center such as FMC-Springfield or FMC-Butner, has been sufficiently addressed and disposed of by this court and by the Eighth Circuit Court of Appeals. Plaintiff has added nothing new to his argument which would cause this court to determine that Plaintiff's housing at FMC-Butner is unsuitable given Plaintiff's history as set forth in the aforementioned cases.

In *U.S. v. Phelps*, 283 F.3d 1176 (9th Cir.2002), Plaintiff raised the issue of his being released with conditions. The Ninth Circuit, in addressing this issue determined that "additional conditions imposed by the district judge to ensure public safety are not foreclosed by [42 U.S.C. § 4243(f)], provided they are also certified by the director

3

of the hospital institution to which Phelps is returned." The court remanded this case to the district court for further proceeding. Because the issue of conditions of release has been addressed, this court will not address the merits of Plaintiff's claim that the implementation of the statute has a punitive effect.

The issue of whether Plaintiff is mentally ill or dangerous is appropriately brought in a proceeding pursuant to 18 U.S.C. § 4243, as opposed to a civil rights action, where the ultimate outcome could led to Plaintiff's release from custody.

Finally, Plaintiff's equal protection and double jeopardy claims are without merit. Because Plaintiff is not similarly situated to convicted prisoners, his equal protection claim has no arguable basis in law or in fact. Plaintiff has failed to state any facts to support a claim of double jeopardy.

For the foregoing reasons, the undersigned concludes that Plaintiff's claims either have been addressed in previous cases, are inappropriate for consideration as civil rights claims, or are frivolous - - -simply having no arguable basis in law are in fact. Accordingly, this action is hereby DISMISSED.

SO ORDERED this  2nd  day of August 2002.

MALCOLM J. HOWARD
United States District Judge

4