UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40042-GAO

COY PHELPS,
Petitioner

v.

CAROLYN SABOL,
Respondent

OPINION AND ORDER
September 26, 2007

O'TOOLE, D.J.

The petitioner, Coy Phelps is confined at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"). In 1986 he was found not guilty only by reason of insanity in the United States District Court for the Northern District of California on charges of possessing, manufacturing, and placing pipe bombs at five San Francisco locations, in violation of 26 U.S.C. § 5861(d) and (f), and 18 U.S.C. § 844(f) and (I). Subsequently, Phelps was civilly committed to the custody of the Attorney General following a hearing pursuant to 18 U.S.C. §§ 4243 and 4247. Since that time, Phelps has been housed at and transferred between the FMCs in Springfield, Missouri; Rochester, Minnesota; and Butner, North Carolina, until his most recent transfer to FMC Devens in November, 2004.

In March, 2005 Phelps filed a petition for habeas corpus with this Court under 18 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") does not have lawful custody of him under 18 U.S.C. §§ 4243 or 4247 because he is a civilly committed person, rather than a "prisoner," and therefore the government is violating his constitutional and statutory rights by housing him in a

BOP facility rather than in a hospital. Phelps asserts that a BOP facility categorically cannot be a "suitable facility" in which a civilly committed person may be confined under 18 U.S.C. § 4243, and that accordingly he also cannot be subjected to the same conditions, rules or regulations as his fellow inmates who are convicted prisoners or pre-trial detainees. He seeks both injunctive relief releasing him from custody pursuant to 28 U.S.C. § 2241 and declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 regarding his rights as a civilly committed person. The respondent has moved to dismiss.

Phelps has already litigated numerous actions across the country with respect to the issues raised in his current petition. See Phelps v. United States Bureau of Prisons, 62 F.3d 1020 (8th Cir. 1995); Phelps v. United States, 831 F.2d 897 (9th Cir. 1987). The Ninth Circuit held that § 4243 was not unconstitutionally vague and overbroad. See Phelps, 831 F.2d at 898. The Eight Circuit resolved Phelps' current (and recurrent) claim that civilly committed persons could not be committed to the custody of the Attorney General and, derivatively, the BOP, holding that a federal medical center is a "suitable facility" for Phelps within the meaning of §§ 4243 and 4247. See Phelps, 62 F.3d at 1023.

These two cases, both involving habeas petitions, effectively have resolved Phelps's objection to his detention at a BOP facility, and accordingly it is proper under § 2244(a) for this court to decline to entertain his current habeas petition raising the same issue. See 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ . . . .").

Even were I to reach the merits of the petition, I agree with the Eight Circuit's holding that a BOP facility may be a "suitable facility" for Phelps. See Phelps, 62 F.3d at 1023. Title Eighteen of the U.S. Code § 4243 authorizes the placement of civilly committed persons like Phelps in the

custody of the Attorney General, subject to his obligation to place them in a "suitable facility." A "suitable facility" is defined as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a)(2). BOP facilities do not categorically fail to qualify as "suitable" simply because they also, and even primarily, house convicted prisoners. I agree with the Eighth Circuit that "[b]ased on Phelps's well-documented criminal history, his mental diagnosis, and the limited range of choices available for the Attorney General through the BOP to incarcerate Phelps," a BOP facility, such as FMC Devens, is a "suitable facility" as required by § 4243. See Phelps, 62 F.3d at 1023.

For the foregoing reasons, the respondent's motion to dismiss (dkt. no. 10) is GRANTED. There being no remaining claims in this case, the petitioner's and respondent's respective motions to consolidate cases (dkt. nos. 12 and 13) are MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge